ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM. *
This matter arises from a motion for reciprocal discipline pursuant to Supreme Court Rule XIX, § 21[1] filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Stephen D. Fox, an attorney licensed to practice law in the State of Louisiana and the State of Texas. Attached to the motion was a certified copy of the “Agreed Judgment of Suspension” entered into between respondent and the Texas Commission for Lawyer Discipline. Pursuant to that judgment, respondent was suspended from the practice of law in the State of Texas for a period of sixty days.[2]
Respondent filed a timely response to the motion for reciprocal discipline. In his response, respondent contended the actual term of the suspension was only thirty days rather than sixty days and asserted the counsel for the Texas Commission on Lawyer Discipline “choose to disguise this suspension to make it appear as though it were a sixty day (60) day suspension.” Respondent fur *698 ther asserted that he timely informed the ODC of the Texas discipline in an attempt to have the Louisiana suspension run concurrently with the Texas suspension, but that |2the ODC was unable to comply with this request due to time constraints and the inability to obtain a certified copy of the Texas judgment.
Upon review of the matter, we find respondent has failed to prove the existence of any of the elements under Supreme Court Rule XIX, § 21(D) [3] which would preclude this court from imposing the identical discipline as imposed in Texas.
Accordingly, it is ordered that respondent, Stephen D. Fox, be suspended from the practice of law in Louisiana for a period of sixty days, commencing from the date of finality of this judgment.

 Kimball, J. not on panel. Rule IV, Part 2, § 3.

. Supreme Court Rule XIX, § 21(A) provides:
A. Disciplinary Counsel Duty to Obtain Order of Discipline From Other Jurisdiction. Upon being disciplined by another state disciplinary agency, a lawyer admitted to practice in Louisiana shall promptly inform disciplinary counsel of the discipline. Upon notification from any source that a lawyer within the jurisdiction of the agency has been disciplined in another jurisdiction, disciplinary counsel shall obtain a certified copy of the disciplinary order and file it with the board and with the court.

. The "Agreed Findings of Fact” indicate the discipline was based on the following conduct:
In representing a client, Respondent sent a demand letter dated October 18, 1993, to an individual regarding payment of a promissory note. The letter included the following statement: "If I do not hear from you within ten (10) days of your receipt of this letter, then legal proceedings [both civil and criminal as well as notice to the United States Immigration Service] will be filed against you without further notice.”

. Supreme Court Rule XIX, § 21(D) provides:
D. Discipline to Be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmily of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.